GREGORY *et al.* v. BROOKS, appellant.

*Partnership — what is not — working farm on shares — Evidence — general results, when not admissible.*

A lease of a farm contained this: " All the profits arising from the working of said farm to be divided equally between the parties to.this agreement. All losses and all gains upon said farm for one year from the 1st day of March, 1870, is to be divided equally between the said parties." *Held,* that the use of the language would not constitute the lessor and lessee partners in working the farm, the intention of the parties being only that the lessee should work the farm on shares.

A witness was asked this : " During the whole term was there a profit made or loss sustained in the general result; state all the facts ? " *Held,* too general to be admissible.

APPEAL from a judgment in favor of plaintiffs entered upon the report of a referee.

The action was brought by Esther Gregory and Emily Gregory against Benjamin Brooks, to recover the sum of $264.05, alleged to be due the plaintiffs under a written agreement to work plaintiffs' farm upon shares for one year; the plaintiffs claiming that the proceeds of certain crops received by defendant had not been divided.

By the agreement, the plaintiffs let and leased to the defendant their farm for the term of one year. The plaintiffs were to furnish eleven cows, one horse, three yearlings, fourteen sheep, and all farming utensils on the farm, excepting the mowing machine. The defendant was to furnish one horse and one cow, to keep the farming tools in repair upon the farm, to pay interest on the cash value of five cows at their appraised value, to pay for the use of the mowing machine owned by the plaintiffs, at a price to be agreed upon, and to leave the farm in as good condition at the expiration of the lease as it was when taken possession of, and also as many acres of ploughed ground as there was on the 1st of March, 1870.

The lease also contained the following covenant: "And it is further stipulated and agreed between the said parties, that the profits of ten cows are to be equally divided between the said parties to this agreement; that the threshed grain is to be divided, when threshed, the potatoes when dug, the corn when husked; all grain crops, roots and vegetables to be divided by measure. All the profits arising from the working and farming of said farm to be divided equally between the parties to this agreement. All losses and all gains upon said farm for one year from the 1st day of March, 1870, is to be divided equally between the said parties."

The answer, after reciting the agreement, among other things, alleges, that no settlement or accounting has been had between the parties, and that all matters between them relative to the occupancy of the farm under this agreement, including gains made and losses sustained, remain open, unsettled and unliquidated. And also alleges that, in the management of said farm during the term, a net loss of $150 was sustained by the defendant. In the prayer for relief he asks that an accounting may be had, and that the plaintiffs may be adjudged to bear their share of the loss. The answer also set up a counter-claim, which was denied by the reply.

The action was referred, by consent, to Hezekiah Sturges, as sole referee, to hear and determine, and was tried before him, June 13, 1872.

After the plaintiffs had put the agreement in evidence, the defend-

ant's counsel asked the referee to dismiss the complaint and order judgment for the defendant, upon the ground that it appeared, from the contract in evidence, that a partnership between the parties was created by the terms of said contract; that no accounting had been had, etc., and that an action at law could not be maintained; that plaintiffs' only remedy was an equitable action for an accounting. The referee denied the motion, to which ruling the defendant's counsel excepted. The referee gave a report in favor of the plaintiffs for $166.74, with costs. Exceptions to the report were taken by the defendant's counsel.

Upon the trial, objections were made and exceptions taken to the decisions of the referee in regard to evidence, which are referred to in the opinion. A judgment was entered upon the referee's report, and the defendant appealed.

*Jenks & Matterson* and *J. E. Dewey,* for appellant.

*G. S. Gorham* and *L. Burditt,* for respondents.

MILLER, P. J. Although the language employed in the concluding portion of the article of agreement between the parties, of itself and alone, might be interpreted as establishing the relationship of a partnership between them, yet, looking at the intention of the parties as expressed in the agreement, and as may be inferred from the surrounding circumstances connected with the transaction (1 Pars. on Part. 60), I am of the opinion that no partnership was established. It is apparent, from the contract, that the agreement was in the nature of a contract for the working of a farm on shares, or for cropping of the same by the defendant and the delivery of a portion of the avails to the plaintiffs for the use of the farm. This does not, as I understand, constitute a copartnership in the ordinary acceptation of that term. Even if a partnership was made out, inasmuch as each of the parties was allowed to prove the claims which they had against each other, and a full accounting was had between them of all the transactions arising under the contract, I am at a loss to see how that question can be of any importance in disposing of the case.

It is true that the action was to recover at law, and the complaint did not contain the usual averments demanding an account which would be employed in a bill in equity for an accounting between

copartners, but the complaint and answer together prescribed the claims of each of the parties, and the whole subject-matter of the controversy was fully investigated. Under the liberal rules as to amendments established by the Code of Procedure, even if the complaint was insufficient, I think it may be considered as amended to meet the facts proved, if any such amendment is required, to answer the ends of justice. From the observations made it follows that there was no error on the part of the referee in any of his rulings as to the copartnership, and if there was they are not of a character to demand a reversal of the judgment.

Some objections are urged as to the admission and rejection of evidence offered which require consideration.

1. It is said the referee erred in rejecting the offer to prove the loss sustained on the horse bought by defendant of the plaintiff, and used under the contract, and that the same was unsound and represented to be free from disease. It is difficult to see how the plaintiff could be made responsible for a deterioration in value occasioned as the offer showed by disease contracted while engaged in labor upon the farm. The offer to show a breach of warranty was not pertinent to the issues made, and if it had been it is a sufficient answer to say that no such defense was interposed by the defendant.

2. There was, I think, no error in excluding the question put to the defendant as follows: "During the whole term was there a profit made or loss sustained in the general result ? State all the facts ?" The question was objected to as too general and as incompetent, and it is plain that it was liable to the first objection at least. The first part of it was clearly objectionable, which was sufficient to reject it as an entire question. The latter part also embraced a scope of inquiry which it was the province of the referee to restrict within proper limits. The question should have been made more specific so as to show the relevancy of the question put. It may also be remarked that the general offer to show the expense of working the farm was not relevant, under the agreement, and did not affect the right of the plaintiffs to demand an accounting for their share of the produce which the defendant had appropriated and used. The question was, what the defendant had received and converted, or refused to divide, and not what profit he had made or loss he had sustained.

3. The offer to prove the cost of picking, curing and baling the hops was properly overruled for the reason that by the terms of the

contract the defendant was bound to perform that work, and because no such claim was set up in the defendant's answer.

4. The offer to prove, by items, that the cost in cash paid out, of raising the hops and preparing them for market, exceeded the amount received, could in no view have been competent, as this was a part of the contract which the defendant had agreed to perform.

5. The proof of the value of the use of the cow on the farm used by plaintiffs was properly overruled, as the lease provided that the plaintiffs were to put eleven cows on the farm and the defendant one, and the profits of the ten were to be divided, thus providing for the use of one cow for each family.

6. I am inclined to think that there was no error in the refusal of the referee to allow proof, by the defendant, of the value of the use of the dwelling-house and out-buildings occupied by the plaintiffs during the term. Nothing is contained in the agreement in regard to the dwelling-houses, and the two dwelling-houses on the farm were occupied, the one by the plaintiffs, who continued to occupy as before the contract, and who never gave up possession to the defendant, and the other by the defendant, who never claimed possession of the other dwelling-house, each family cultivating one-half of the garden. There was no implied promise to pay rent by the plaintiffs, and no relation of tenant to the defendant created by the agreement, and both parties acted upon the assumption that each was entitled to the possession of the buildings occupied by them respectively, and acquiesced in this practical construction of the contract.

7. The proof of milking the cows by plaintiffs for defendant was also competent, and, as plaintiffs were partners in the farm, this was a proper charge against the defendant.

There was no error upon the trial, and the judgment must be affirmed, with costs.

*Judgment affirmed.*